# Plaintiff's Complaint

FILED
2/8/2021 2:17 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
12137304

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

FILED DATE: 2/8/2021 2:17 PM    2021L001448

| | |
|---|---|
| ZINA V. LAIN , | ) |
| | ) |
|      Plaintiff | ) |
| | ) |
|      v. | )    No. |
| | ) |
| | ) |
| SCHINDLER ENTERPRISES, SCHINDLER | ) |
| ELEVATOR CORPORATION, HARRAH'S | ) |
| JOLIET CASINO HOTEL aka HARRAH'S | ) |
| ILLINOIS LLC, HARRAH'S JOLIET | ) |
| LANDCO LLC, and CAESAR'S | ) |
| ENTERTAINMENT, INC. | ) |
| | ) |
|      Defendants. | ) |

**2021L001448**

## COMPLAINT AT LAW

NOW COMES the Plaintiff, ZINA V. LAIN , by and through her attorneys,

SHERWOOD LAW GROUP LLC, and in her complaint at law against the Defendants,

SCHINDLER ENTERPRISES, SCHINDLER ELEVATOR CORPORATION, HARRAH'S

JOLIET CASINO HOTEL aka HARRAH'S ILLINOIS LLC ("HARRAH'S JOLIET CASINO

HOTEL"), HARRAH'SJOLIET LANDCO LLC,  and CAESAR'S ENTERTAINMENT INC.

states as follows:

### COUNT I – NEGLIGENCE AGAINST
### SCHINDLER ENTERPRISES

1.     At all times relevant herein, ZINA V. LAIN  was an Illinois resident with residing

in the City of Joliet and State of Illinois.

2.     At all times relevant herein, the Defendant, SCHINDLER ENTERPRISES, was a

corporation with offices of its registered agent located at 208 S. LaSalle Street, Suite 814,

Chicago, Illinois 60604.

1

FILED DATE: 2/8/2021 2:17 PM    2021L001448

3.      At all times relevant herein, the Defendant, HARRAH'S JOLIET CASINO HOTEL was an Illinois Limited Liability Company with offices of its registered agent located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

4.      On or before February 11, 2019 , the Defendant, SCHINDLER ENTERPRISES , had built, operated, maintained, secured, managed, repaired, inspected, installed, and controlled the escalators  within the property located at 151 N. Joliet Street, Joliet, Illinois 60432 ("Property").

5.      On or before February 11, 2019 , the Defendant, SCHINDLER ENTERPRISES , had built, operated, maintained, secured, managed, repaired, inspected, installed, and controlled the escalators within the property located at 151 N. Joliet Street, Joliet, Illinois 60432, specifically the escalators from the main hotel lobby to the casino floor ("Escalators or Escalator").

6.      On or before February 11, 2019 , the Plaintiff was an invitee, consumer, and patron of HARRAH'S JOLIET CASINO HOTEL and lawfully on the Property for the purpose of leaving the hotel via the Escalators and entering the casino floor.

7.      On or before February 11, 2019 , the Defendant, HARRAH'S JOLIET CASINO HOTEL, was the entity in charge of the maintenance, management, operations, design, construction, security, vendor contracts, and usage of the Property.

8.      On or before February 11, 2019 , the HARRAH'S JOLIET CASINO HOTEL  in conjunction or contract with SCHINDLER ENTERPRISES did repairs to, installed, designed, constructed, modified, inspected, managed, and controlled the Escalators within the Property.

9.      On or before February 11, 2019 , the Plaintiff was a patron, guest, invitee, consumer, and customer and relied upon the certification(s) from the actual and apparent agents

2

FILED DATE: 2/8/2021 2:17 PM   2021L001448

of HARRAH'S JOLIET CASINO HOTEL and SCHINDLER ENTERPRISES that the Escalators were safe for usage by invitees, customers, and employees of and on the Property.

10.     On or before February 11, 2019 , as ZINA V. LAIN was using the Escalator down from the hotel lobby to the casino floor and said Escalator malfunctioned causing the Plaintiff to trip, slip, and fall to the ground below, to the bottom of the Escalator and subsequently was injured as a result thereof.

11.     On and before February 11, 2019 , and at all relevant times, SCHINDLER ENTERPRISES owned, designed, leased, maintained, supervised, constructed, possessed, operated, did repairs to, and/or managed the Escalators upon the Property.

12.     At the aforementioned time and place and prior thereto, SCHINDLER ENTERPRISES, knowing its duty to maintain a safe Property and escalators for invitees, customers, employees, and licensees, carelessly and negligently caused and permitted said Escalator to become and remain in dangerous condition for persons using the Escalator within the Property.

13.     SCHINDLER ENTERPRISES, knew, or in the exercise of ordinary care, should have known, that the aforementioned Escalator within the Property was in disrepair and posed a danger to property invitees, employees, customers, and licensees.

14.     On or before February 11, 2019 , Defendants, SCHINDLER ENTERPRISES , hired a third party or was otherwise responsible for the construction, installation, repair, inspection, design, and maintenance of the Escalator located in and upon the Property.

15.     On or about February 11, 2019 , and at all relevant times, the escalator was not secure, safe for use was inherently dangerous, not repaired, installed, maintained, repaired, or

constructed to code, violated OSHA safety standards, and/or created an unnecessarily dangerous environment for the Plaintiff, ZINA V. LAIN .

16.     On or about February 11, 2019 , and at all relevant times, Defendants, SCHINDLER ENTERPRISES , had knowledge or reasonably should have known that the Escalator had been constructed and/or installed and/or maintained and/or repaired and/or inspected and/or managed in a negligent manner.

17.     Prior to February 11, 2019 , and at all relevant times, it was foreseeable that an individual such as Plaintiff, ZINA V. LAIN , would be using Escalator within and on the Property.

18.     At all relevant times, Defendants, SCHINDLER ENTERPRISES, had a duty to exercise reasonable care in the construction and/or installation and/or maintenance and/or repairs and/or inspection of the escalators  so as not to create an unreasonable risk of injury to foreseeable individuals such as Plaintiff, ZINA V. LAIN .

19.     On or before February 11, 2019 , the Defendant, SCHINDLER ENTERPRISES, had installed, repaired, inspected, managed, a malfunctioning escalator within the Property.

20.     On or about February 11, 2019 , the Defendant, SCHINDLER ENTERPRISES, failed to warn the Plaintiff of the dangerous and hazardous condition of the escalator.

21.     On or about February 11, 2019 , the Defendant, SCHINDLER ENTERPRISES, by and through its agents, employees and servants did not properly repair and secure the escalator for safe usage by invitees, unit owners, and tenants within the Property.

22.     On or about February 11, 2019 , the Defendant, SCHINDLER ENTERPRISES, failed to properly inspect the escalators  to determine whether it was proper for safe usage by invitees, unit owners, and tenants within the Property.

FILED DATE: 2/8/2021 2:17 PM   2021L001448

23.     The Defendant, SCHINDLER ENTERPRISES, was responsible for maintaining, repairing, securing, and preventing the escalators from being unsafe for usage by invitees, customers, and users within the Property.

24.     On or about February 11, 2019 , Defendants SCHINDLER ENTERPRISES , were then and there guilty of one or more of the following acts or omissions:

    a. Carelessly and negligently failed to keep the Property in a reasonably safe condition;

    b. Carelessly and negligently permitted the Escalator within the Property to remain in an unreasonably dangerous condition, which the Defendants knew, or upon the reasonable exercise of care, would have known to have existed;

    c. Carelessly and negligently failed to warn the Plaintiff of said unreasonably dangerous condition;

    d. Carelessly and negligently supervised the contractors or other third parties that installed, inspected, designed, and/or repaired the Escalator within the Property;

    e. Carelessly and negligently failed to inspect Escalator within the Property;

    f. Carelessly and negligently failed to install and use proper safety mechanisms which would have prevented a hazard;

    g. Negligently failed to repair and maintain the Escalator within the Property which posed a hazard;

    h. Negligently designed, constructed, installed, repaired, and maintained the Escalator on the Property which created a dangerous and hazardous condition to the Property;

    i. Carelessly and negligently supervised the design, construction, installation, repair, and maintenance of the Escalator on the Property;

    j. Carelessly and negligently trained, instructed, and supervised its employees in the management, use, and operation of the Escalator on the Property;

    k. Carelessly and negligently supervised the conditions of Escalator despite notice of malfunction; and

    l. Was otherwise careless and negligent in the construction, installation, design, repair, inspection, supervision of its employees, training of its employees, management, and maintenance as to and of the Escalator within the Property.

25.     That as a direct and proximate result of the aforesaid, the Plaintiff, ZINA V. LAIN, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; that the Plaintiff was caused to

spend and in the future will be compelled to expend, large sums of money in endeavoring to be cured of said injuries; that the Plaintiff was caused to and did lose much time from her employment, thereby incurring losses of large sums of money; including wage loss and the Plaintiff has been and in the future will be prevented from attending to her usual affairs and duties.

WHEREFORE, Plaintiff, ZINA V. LAIN, by and through her attorneys, SHERWOOD LAW GROUP, LLC, hereby prays for judgment against Defendant, SCHINDLER ENTERPRISES , for a sum of money in excess of FIFTY THOUSAND DOLLARS ($50,000.00), and such additional amounts as the jury and the Court shall deem proper and appropriate under the circumstances provided herein, inclusive of the costs of bringing this action.

## COUNT II – NEGLIGENCE AGAINST SCHINDLER ELEVATOR CORPORATION

26.     At all times relevant herein, ZINA V. LAIN  was an Illinois resident with residing in the City of Joliet and State of Illinois.

27.     At all times relevant herein, the Defendant, SCHINDLER ELEVATOR CORPORATION, was a corporation with offices of its registered agent located at 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604.

28.     At all times relevant herein, the Defendant, HARRAH'S JOLIET CASINO HOTEL was an Illinois Limited Liability Company with offices of its registered agent located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

31.     On or before February 11, 2019 , the Defendant, SCHINDLER ELEVATOR CORPORATION, had built, operated, maintained, secured, managed, repaired, inspected, installed, and controlled the escalators within the property located at 151 N. Joliet Street, Joliet, Illinois 60432 ("Property").

32.     On or before February 11, 2019 , the Defendant, SCHINDLER ELEVATOR

FILED DATE: 2/8/2021 2:17 PM   2021L001448

FILED DATE: 2/8/2021 2:17 PM 2021L001448

CORPORATION, had built, operated, maintained, secured, managed, repaired, inspected, installed, and controlled the escalators within the property located at 151 N. Joliet Street, Joliet, Illinois 60432, specifically the escalators from the main hotel lobby to the casino floor ("Escalators or Escalator").

33.     On or before February 11, 2019, the Plaintiff was an invitee, consumer, and patron of HARRAH'S JOLIET CASINO HOTEL and lawfully on the Property for the purpose of leaving the hotel via the Escalators and entering the casino floor.

34.     On or before February 11, 2019, the Defendant, HARRAH'S JOLIET CASINO HOTEL, was the entity in charge of the maintenance, management, operations, design, construction, security, vendor contracts, and usage of the Property.

35.     On or before February 11, 2019, the HARRAH'S JOLIET CASINO HOTEL in conjunction or contract with SCHINDLER ELEVATOR CORPORATION did repairs to, installed, designed, constructed, modified, inspected, managed, and controlled the Escalators within the Property.

36.     On or before February 11, 2019, the Plaintiff was a patron, guest, invitee, consumer, and customer and relied upon the certification(s) from the actual and apparent agents of HARRAH'S JOLIET CASINO HOTEL and SCHINDLER ELEVATOR CORPORATION that the Escalators were safe for usage by invitees, customers, and employees of and on the Property.

37.     On or before February 11, 2019, as ZINA V. LAIN was using the Escalator down from the hotel lobby to the casino floor and said Escalator malfunctioned causing the Plaintiff to trip, slip, and fall to the ground below, to the bottom of the Escalator and subsequently was injured as a result thereof.

7

FILED DATE: 2/8/2021 2:17 PM   2021L001448

38.     On and before February 11, 2019 , and at all relevant times, SCHINDLER ELEVATOR CORPORATION owned, designed, leased, maintained, supervised, constructed, possessed, operated, did repairs to, and/or managed the Escalators  upon the Property.

39.     At the aforementioned time and place and prior thereto, SCHINDLER ELEVATOR CORPORATION, knowing its duty to maintain a safe Property and escalators  for invitees, customers, employees, and licensees, carelessly and negligently caused and permitted said Escalator to become and remain in dangerous condition for persons using the Escalator within the Property.

40.     SCHINDLER ELEVATOR CORPORATION, knew, or in the exercise of ordinary care, should have known, that the aforementioned Escalator within the Property was in disrepair and posed a danger to property invitees, employees, customers, and licensees.

41.     On or before February 11, 2019 , Defendants, SCHINDLER ELEVATOR CORPORATION , hired a third party or was otherwise responsible for the construction, installation, repair, inspection, design, and maintenance of the Escalator located in and upon the Property.

42.     On or about February 11, 2019 , and at all relevant times, the escalator was not secure, safe for use was inherently dangerous, not repaired, installed, maintained, repaired, or constructed to code, violated OSHA safety standards, and/or created an unnecessarily dangerous environment for the Plaintiff, ZINA V. LAIN .

43.     On or about February 11, 2019 , and at all relevant times, Defendants, SCHINDLER ELEVATOR CORPORATION , had knowledge or reasonably should have known that the Escalator had been constructed and/or installed and/or maintained and/or repaired and/or inspected and/or managed in a negligent manner.

8

FILED DATE: 2/8/2021 2:17 PM   2021L001448

44.     Prior to February 11, 2019 , and at all relevant times, it was foreseeable that an individual such as Plaintiff, ZINA V. LAIN , would be using Escalator within and on the Property.

45.     At all relevant times, Defendants, SCHINDLER ELEVATOR CORPORATION , had a duty to exercise reasonable care in the construction and/or installation and/or maintenance and/or repairs and/or inspection of the escalators  so as not to create an unreasonable risk of injury to foreseeable individuals such as Plaintiff, ZINA V. LAIN .

46.     On or before February 11, 2019 , the Defendant, SCHINDLER ELEVATOR CORPORATION , had installed, repaired, inspected, managed, a malfunctioning escalator within the Property.

47.     On or about February 11, 2019 , the Defendant, SCHINDLER ELEVATOR CORPORATION , failed to warn the Plaintiff of the dangerous and hazardous condition of the escalator.

48.     On or about February 11, 2019 , the Defendant, SCHINDLER ELEVATOR CORPORATION , by and through its agents, employees and servants did not properly repair and secure the escalator for safe usage by invitees, unit owners, and tenants within the Property.

49.     On or about February 11, 2019 , the Defendant, SCHINDLER ELEVATOR CORPORATION , failed to properly inspect the escalators  to determine whether it was proper for safe usage by invitees, unit owners, and tenants within the Property.

50.     The Defendant, SCHINDLER ELEVATOR CORPORATION , was responsible for maintaining, repairing, securing, and preventing the escalators  from being unsafe for usage by invitees, customers, and users within the Property.

9

FILED DATE: 2/8/2021 2:17 PM    2021L001448

51.     On or about February 11, 2019 , Defendants SCHINDLER ELEVATOR

CORPORATION , were then and there guilty of one or more of the following acts or omissions:

a.  Carelessly and negligently failed to keep the Property in a reasonably safe condition;
b.  Carelessly and negligently permitted the Escalator within the Property to remain in an unreasonably dangerous condition, which the Defendants knew, or upon the reasonable exercise of care, would have known to have existed;
c.  Carelessly and negligently failed to warn the Plaintiff of said unreasonably dangerous condition;
d.  Carelessly and negligently supervised the contractors or other third parties that installed, inspected, designed, and/or repaired the Escalator within the Property;
e.  Carelessly and negligently failed to inspect Escalator within the Property;
f.  Carelessly and negligently failed to install and use proper safety mechanisms which would have prevented a hazard;
g.  Negligently failed to repair and maintain the Escalator within the Property which posed a hazard;
h.  Negligently designed, constructed, installed, repaired, and maintained the Escalator on the Property which created a dangerous and hazardous condition to the Property;
i.  Carelessly and negligently supervised the design, construction, installation, repair, and maintenance of the Escalator on the Property;
j.  Carelessly and negligently trained, instructed, and supervised its employees in the management, use, and operation of the Escalator on the Property;
k.  Carelessly and negligently supervised the conditions of Escalator despite notice of malfunction; and
l.  Was otherwise careless and negligent in the construction, installation, design, repair, inspection, supervision of its employees, training of its employees, management, and maintenance as to and of the Escalator within the Property.

52.     That as a direct and proximate result of the aforesaid, the Plaintiff, ZINA V. LAIN,

suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which

have caused and will continue to cause pain in body and mind; that the Plaintiff was caused to

spend and in the future will be compelled to expend, large sums of money in endeavoring to be

cured of said injuries; that the Plaintiff was caused to and did lose much time from her employment,

thereby incurring losses of large sums of money; including wage loss and the Plaintiff has been

FILED DATE: 2/8/2021 2:17 PM    2021L001448

and in the future will be prevented from attending to her usual affairs and duties.

WHEREFORE, Plaintiff, ZINA V. LAIN, by and through her attorneys, SHERWOOD LAW GROUP, LLC, hereby prays for judgment against Defendant, SCHINDLER ELEVATOR CORPORATION , for a sum of money in excess of FIFTY THOUSAND DOLLARS ($50,000.00), and such additional amounts as the jury and the Court shall deem proper and appropriate under the circumstances provided herein, inclusive of the costs of bringing this action.

### COUNT III – NEGLIGENCE AGAINST HARRAH'S JOLIET CASINO HOTEL aka HARRAH'S ILLINOIS LLC

53.    At all times relevant herein, ZINA V. LAIN  was an Illinois resident with residing in the City of Joliet and State of Illinois.

54.    At all times relevant herein, the Defendant, SCHINDLER ELEVATOR CORPORATION, was a corporation with offices of its registered agent located at 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604.

55.    At all times relevant herein, the Defendant, HARRAH'S JOLIET CASINO HOTEL was an Illinois Limited Liability Company with offices of its registered agent located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

56.    On or before February 11, 2019 , the Defendant, HARRAH'S JOLIET CASINO HOTEL, had built, operated, maintained, secured, managed, repaired, inspected, installed, and controlled the escalators within the property located at 151 N. Joliet Street, Joliet, Illinois 60432 ("Property").

57.    On or before February 11, 2019 , the Defendant, HARRAH'S JOLIET CASINO HOTEL, had built, operated, maintained, secured, managed, repaired, inspected, installed, and controlled the escalators within the property located at 151 N. Joliet Street, Joliet, Illinois 60432, specifically the escalators from the main hotel lobby to the casino floor ("Escalators or Escalator").

FILED DATE: 2/8/2021 2:17 PM    2021L001448

58.     On or before February 11, 2019 , the Plaintiff was an invitee, consumer, and patron of HARRAH'S JOLIET CASINO HOTEL and lawfully on the Property for the purpose of leaving the hotel via the Escalators and entering the casino floor.

59.     On or before February 11, 2019 , the Defendant, HARRAH'S JOLIET CASINO HOTEL, was the entity in charge of the maintenance, management, operations, design, construction, security, vendor contracts, and usage of the Property.

60.     On or before February 11, 2019 , the HARRAH'S JOLIET CASINO HOTEL in conjunction or contract with SCHINDLER ELEVATOR CORPORATION did repairs to, installed, designed, constructed, modified, inspected, managed, and controlled the Escalators within the Property.

61.     On or before February 11, 2019 , the Plaintiff was a patron, guest, invitee, consumer, and customer and relied upon the certification(s) from the actual and apparent agents of HARRAH'S JOLIET CASINO HOTEL and SCHINDLER ELEVATOR CORPORATION that the Escalators  were safe for usage by invitees, customers, and employees of and on the Property.

62.     On or before February 11, 2019, as ZINA V. LAIN  was using the Escalator down from the hotel lobby to the casino floor and said Escalator malfunctioned causing the Plaintiff to trip, slip, and fall to the ground below, to the bottom of the Escalator and subsequently was injured as a result thereof.

63.     On and before February 11, 2019, and at all relevant times, HARRAH'S JOLIET CASINO HOTEL owned, designed, leased, maintained, supervised, constructed, possessed, operated, did repairs to, and/or managed the Escalators  upon the Property.

FILED DATE: 2/8/2021 2:17 PM    2021L001448

64.     At the aforementioned time and place and prior thereto, SCHINDLER ENTERPRISES, knowing its duty to maintain a safe Property and escalators for invitees, customers, employees, and licensees, carelessly and negligently caused and permitted said Escalator to become and remain in dangerous condition for persons using the Escalator within the Property.

65.     SCHINDLER ENTERPRISES, knew, or in the exercise of ordinary care, should have known, that the aforementioned Escalator within the Property was in disrepair and posed a danger to property invitees, employees, customers, and licensees.

66.     On or before February 11, 2019, Defendants, HARRAH'S JOLIET CASINO HOTEL, hired a third party or was otherwise responsible for the construction, installation, repair, inspection, design, and maintenance of the Escalator located in and upon the Property.

67.     On or about February 11, 2019, and at all relevant times, the escalator was not secure, safe for use was inherently dangerous, not repaired, installed, maintained, repaired, or constructed to code, violated OSHA safety standards, and/or created an unnecessarily dangerous environment for the Plaintiff, ZINA V. LAIN.

68.     On or about February 11, 2019, and at all relevant times, Defendants, HARRAH'S JOLIET CASINO HOTEL, had knowledge or reasonably should have known that the Escalator had been constructed and/or installed and/or maintained and/or repaired and/or inspected and/or managed in a negligent manner.

69.     Prior to February 11, 2019, and at all relevant times, it was foreseeable that an individual such as Plaintiff, ZINA V. LAIN, would be using Escalator within and on the Property.

13

FILED DATE: 2/8/2021 2:17 PM   2021L001448

70.     At all relevant times, Defendants, HARRAH'S JOLIET CASINO HOTEL, had a duty to exercise reasonable care in the construction and/or installation and/or maintenance and/or repairs and/or inspection of the escalators so as not to create an unreasonable risk of injury to foreseeable individuals such as Plaintiff, ZINA V. LAIN .

71.     On or before February 11, 2019 , the Defendant, HARRAH'S JOLIET CASINO HOTEL , had installed, repaired, inspected, managed, a malfunctioning escalator within the Property.

72.     On or about February 11, 2019 , the Defendant, HARRAH'S JOLIET CASINO HOTEL , failed to warn the Plaintiff of the dangerous and hazardous condition of the escalator.

73.     On or about February 11, 2019 , the Defendant, HARRAH'S JOLIET CASINO HOTEL , by and through its agents, employees and servants did not properly repair and secure the escalator for safe usage by invitees, unit owners, and tenants within the Property.

74.     On or about February 11, 2019 , the Defendant, HARRAH'S JOLIET CASINO HOTEL , failed to properly inspect the escalators to determine whether it was proper for safe usage by invitees, unit owners, and tenants within the Property.

75.     The Defendant, HARRAH'S JOLIET CASINO HOTEL , was responsible for maintaining, repairing, securing, and preventing the escalators from being unsafe for usage by invitees, customers, and users within the Property.

76.     On or about February 11, 2019 , Defendants HARRAH'S JOLIET CASINO HOTEL , were then and there guilty of one or more of the following acts or omissions:

   a. Carelessly and negligently failed to keep the Property in a reasonably safe condition;
   b. Carelessly and negligently permitted the Escalator within the Property to remain in an unreasonably dangerous condition, which the Defendants knew, or upon the reasonable exercise of care, would have known to have existed;

14

FILED DATE: 2/8/2021 2:17 PM   2021L001448

c.  Carelessly and negligently failed to warn the Plaintiff of said unreasonably dangerous condition;

d.  Carelessly and negligently supervised the contractors or other third parties that installed, inspected, designed, and/or repaired the Escalator within the Property;

e.  Carelessly and negligently failed to inspect Escalator within the Property;

f.  Carelessly and negligently failed to install and use proper safety mechanisms which would have prevented a hazard;

g.  Negligently failed to repair and maintain the Escalator within the Property which posed a hazard;

h.  Negligently designed, constructed, installed, repaired, and maintained the Escalator on the Property which created a dangerous and hazardous condition to the Property;

i.  Carelessly and negligently supervised the design, construction, installation, repair, and maintenance of the Escalator on the Property;

j.  Carelessly and negligently trained, instructed, and supervised its employees in the management, use, and operation of the Escalator on the Property;

k.  Carelessly and negligently supervised the conditions of Escalator despite notice of malfunction; and

l.  Was otherwise careless and negligent in the construction, installation, design, repair, inspection, supervision of its employees, training of its employees, management, and maintenance as to and of the Escalator within the Property.

77.    That as a direct and proximate result of the aforesaid, the Plaintiff, ZINA V. LAIN, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; that the Plaintiff was caused to spend and in the future will be compelled to expend, large sums of money in endeavoring to be cured of said injuries; that the Plaintiff was caused to and did lose much time from her employment, thereby incurring losses of large sums of money; including wage loss and the Plaintiff has been and in the future will be prevented from attending to her usual affairs and duties.

WHEREFORE, Plaintiff, ZINA V. LAIN, by and through her attorneys, SHERWOOD LAW GROUP, LLC, hereby prays for judgment against Defendant, HARRAH'S JOLIET CASINO HOTEL aka HARRAH'S ILLINOIS LLC, for a sum of money in excess of FIFTY THOUSAND DOLLARS ($50,000.00), and such additional amounts as the jury and the Court

FILED DATE: 2/8/2021 2:17 PM 2021L001448

shall deem proper and appropriate under the circumstances provided herein, inclusive of the costs of bringing this action.

## COUNT IV – NEGLIGENCE AGAINST HARRAH'S JOLIET LANDCO LLC

78.     At all times relevant herein, ZINA V. LAIN  was an Illinois resident with residing in the City of Joliet and State of Illinois.

79.     At all times relevant herein, the Defendant, SCHINDLER ELEVATOR CORPORATION, was a corporation with offices of its registered agent located at 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604.

80.     At all times relevant herein, the Defendant, HARRAH'S JOLIET LANDCO LLC was an Illinois Limited Liability Company with offices of its registered agent located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

81.     On or before February 11, 2019 , the Defendant, HARRAH'S JOLIET LANDCO LLC, had built, operated, maintained, secured, managed, repaired, inspected, installed, and controlled the escalators within the property located at 151 N. Joliet Street, Joliet, Illinois 60432 ("Property").

82.     On or before February 11, 2019 , the Defendant, HARRAH'S JOLIET LANDCO, had built, operated, maintained, secured, managed, repaired, inspected, installed, and controlled the escalators within the property located at 151 N. Joliet Street, Joliet, Illinois 60432, specifically the escalators from the main hotel lobby to the casino floor ("Escalators or Escalator").

83.     On or before February 11, 2019 , the Plaintiff was an invitee, consumer, and patron of HARRAH'SJOLIET LANDCO LLC and lawfully on the Property for the purpose of leaving the hotel via the Escalators and entering the casino floor.

84.     On or before February 11, 2019 , the Defendant, HARRAH'S JOLIET LANDCO LLC, was the entity in charge of the maintenance, management, operations, design, construction, security, vendor contracts, and usage of the Property.

85.     On or before February 11, 2019 , the HARRAH'S JOLIET LANDCO LLC in conjunction or contract with SCHINDLER ELEVATOR CORPORATION did repairs to, installed, designed, constructed, modified, inspected, managed, and controlled the Escalators within the Property.

86.     On or before February 11, 2019 , the Plaintiff was a patron, guest, invitee, consumer, and customer and relied upon the certification(s) from the actual and apparent agents of HARRAH'S JOLIET LANDCO LLC and SCHINDLER ELEVATOR CORPORATION that the Escalators were safe for usage by invitees, customers, and employees of and on the Property.

87.     On or before February 11, 2019 , as ZINA V. LAIN was using the Escalator down from the hotel lobby to the casino floor and said Escalator malfunctioned causing the Plaintiff to trip, slip, and fall to the ground below, to the bottom of the Escalator and subsequently was injured as a result thereof.

88.     On and before February 11, 2019 , and at all relevant times, HARRAH'S JOLIET LANDCO LLC owned, designed, leased, maintained, supervised, constructed, possessed, operated, did repairs to, and/or managed the Escalators upon the Property.

89.     At the aforementioned time and place and prior thereto, SCHINDLER ENTERPRISES, knowing its duty to maintain a safe Property and escalators for invitees, customers, employees, and licensees, carelessly and negligently caused and permitted said Escalator to become and remain in dangerous condition for persons using the Escalator within the Property.

17

FILED DATE: 2/8/2021 2:17 PM  2021L001448

FILED DATE: 2/8/2021 2:17 PM    2021L001448

90.     SCHINDLER ENTERPRISES, knew, or in the exercise of ordinary care, should have known, that the aforementioned Escalator within the Property was in disrepair and posed a danger to property invitees, employees, customers, and licensees.

91.     On or before February 11, 2019 , Defendants, HARRAH'S JOLIET LANDCO LLC, hired a third party or was otherwise responsible for the construction, installation, repair, inspection, design, and maintenance of the Escalator located in and upon the Property.

92.     On or about February 11, 2019 , and at all relevant times, the escalator was not secure, safe for use was inherently dangerous, not repaired, installed, maintained, repaired, or constructed to code, violated OSHA safety standards, and/or created an unnecessarily dangerous environment for the Plaintiff, ZINA V. LAIN .

93.     On or about February 11, 2019 , and at all relevant times, Defendants, HARRAH'SJOLIET LANDCO LLC, had knowledge or reasonably should have known that the Escalator had been constructed and/or installed and/or maintained and/or repaired and/or inspected and/or managed in a negligent manner.

94.     Prior to February 11, 2019 , and at all relevant times, it was foreseeable that an individual such as Plaintiff, ZINA V. LAIN , would be using Escalator within and on the Property.

95.     At all relevant times, Defendants, HARRAH'S JOLIET LANDCO LLC, had a duty to exercise reasonable care in the construction and/or installation and/or maintenance and/or repairs and/or inspection of the escalators  so as not to create an unreasonable risk of injury to foreseeable individuals such as Plaintiff, ZINA V. LAIN .

96.     On or before February 11, 2019 , the Defendant, HARRAH'S JOLIET LANDCO LLC, had installed, repaired, inspected, managed, a malfunctioning escalator within the Property.

FILED DATE: 2/8/2021 2:17 PM    2021L001448

97.     On or about February 11, 2019 , the Defendant, HARRAH'S JOLIET LANDCO LLC, failed to warn the Plaintiff of the dangerous and hazardous condition of the escalator.

98.     On or about February 11, 2019 , the Defendant, HARRAH'S JOLIET LANDCO LLC, by and through its agents, employees and servants did not properly repair and secure the escalator for safe usage by invitees, unit owners, and tenants within the Property.

99.     On or about February 11, 2019 , the Defendant, HARRAH'S JOLIET LANDCO LLC, failed to properly inspect the escalators  to determine whether it was proper for safe usage by invitees, unit owners, and tenants within the Property.

100.    The Defendant, HARRAH'S JOLIET LANDCO LLC, was responsible for maintaining, repairing, securing, and preventing the escalators  from being unsafe for usage by invitees, customers, and users within the Property.

101.    On or about February 11, 2019 , Defendants HARRAH'S JOLIET LANDCO LLC, were then and there guilty of one or more of the following acts or omissions:

      a.  Carelessly and negligently failed to keep the Property in a reasonably safe condition;

      b.  Carelessly and negligently permitted the Escalator within the Property to remain in an unreasonably dangerous condition, which the Defendants knew, or upon the reasonable exercise of care, would have known to have existed;

      c.  Carelessly and negligently failed to warn the Plaintiff of said unreasonably dangerous condition;

      d.  Carelessly and negligently supervised the contractors or other third parties that installed, inspected, designed, and/or repaired the Escalator within the Property;

      e.  Carelessly and negligently failed to inspect Escalator within the Property;

      f.  Carelessly and negligently failed to install and use proper safety mechanisms which would have prevented a hazard;

      g.  Negligently failed to repair and maintain the Escalator within the Property which posed a hazard;

      h.  Negligently designed, constructed, installed, repaired, and maintained the Escalator on the Property which created a dangerous and hazardous condition to the Property;

FILED DATE: 2/8/2021 2:17 PM    2021L001448

i.   Carelessly and negligently supervised the design, construction, installation, repair, and maintenance of the Escalator on the Property;

j.   Carelessly and negligently trained, instructed, and supervised its employees in the management, use, and operation of the Escalator on the Property;

k.   Carelessly and negligently supervised the conditions of Escalator despite notice of malfunction; and

l.   Was otherwise careless and negligent in the construction, installation, design, repair, inspection, supervision of its employees, training of its employees, management, and maintenance as to and of the Escalator within the Property.

102.   That as a direct and proximate result of the aforesaid, the Plaintiff, ZINA V. LAIN, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; that the Plaintiff was caused to spend and in the future will be compelled to expend, large sums of money in endeavoring to be cured of said injuries; that the Plaintiff was caused to and did lose much time from her employment, thereby incurring losses of large sums of money; including wage loss and the Plaintiff has been and in the future will be prevented from attending to her usual affairs and duties.

WHEREFORE, Plaintiff, ZINA V. LAIN, by and through her attorneys, SHERWOOD LAW GROUP, LLC, hereby prays for judgment against Defendant, HARRAH'S JOLIET LANDCO LLC, for a sum of money in excess of FIFTY THOUSAND DOLLARS ($50,000.00), and such additional amounts as the jury and the Court shall deem proper and appropriate under the circumstances provided herein, inclusive of the costs of bringing this action.

## COUNT V – NEGLIGENCE AGAINST CAESAR'S ENTERTAINMENT INC.

103.   At all times relevant herein, ZINA V. LAIN was an Illinois resident with residing in the City of Joliet and State of Illinois.

104.   At all times relevant herein, the Defendant, SCHINDLER ELEVATOR CORPORATION, was a corporation with offices of its registered agent located at 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604.

FILED DATE: 2/8/2021 2:17 PM 2021L001448

105. At all times relevant herein, the Defendant, CAESAR'S ENTERTAINMENT INC. ("CAESAR'S ENTERTAINMENT") was an Illinois Company with offices of its registered agent located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

81. On or before February 11, 2019 , the Defendant, CAESAR'S ENTERTAINMENT, had built, operated, maintained, secured, managed, repaired, inspected, installed, and controlled the escalators within the property located at 151 N. Joliet Street, Joliet, Illinois 60432 ("Property").

82. On or before February 11, 2019 , the Defendant, CAESAR'S ENTERTAINMENT, had built, operated, maintained, secured, managed, repaired, inspected, installed, and controlled the escalators within the property located at 151 N. Joliet Street, Joliet, Illinois 60432, specifically the escalators from the main hotel lobby to the casino floor ("Escalators or Escalator").

108. On or before February 11, 2019 , the Plaintiff was an invitee, consumer, and patron of CAESAR'S ENTERTAINMENT and lawfully on the Property for the purpose of leaving the hotel via the Escalators and entering the casino floor.

109. On or before February 11, 2019 , the Defendant, CAESAR'S ENTERTAINMENT, was the entity in charge of the maintenance, management, operations, design, construction, security, vendor contracts, and usage of the Property.

110. On or before February 11, 2019 , the CAESAR'S ENTERTAINMENT in conjunction or contract with SCHINDLER ELEVATOR CORPORATION did repairs to, installed, designed, constructed, modified, inspected, managed, and controlled the Escalators within the Property.

111. On or before February 11, 2019 , the Plaintiff was a patron, guest, invitee, consumer, and customer and relied upon the certification(s) from the actual and apparent agents

FILED DATE: 2/8/2021 2:17 PM    2021L001448

of CAESAR'S ENTERTAINMENT and SCHINDLER ELEVATOR CORPORATION that the Escalators were safe for usage by invitees, customers, and employees of and on the Property.

112.    On or before February 11, 2019 , as ZINA V. LAIN was using the Escalator down from the hotel lobby to the casino floor and said Escalator malfunctioned causing the Plaintiff to trip, slip, and fall to the ground below, to the bottom of the Escalator and subsequently was injured as a result thereof.

113.    On and before February 11, 2019 , and at all relevant times, CAESAR'S ENTERTAINMENT owned, designed, leased, maintained, supervised, constructed, possessed, operated, did repairs to, and/or managed the Escalators upon the Property.

114.    At the aforementioned time and place and prior thereto, SCHINDLER ENTERPRISES, knowing its duty to maintain a safe Property and escalators for invitees, customers, employees, and licensees, carelessly and negligently caused and permitted said Escalator to become and remain in dangerous condition for persons using the Escalator within the Property.

115.    SCHINDLER ENTERPRISES, knew, or in the exercise of ordinary care, should have known, that the aforementioned Escalator within the Property was in disrepair and posed a danger to property invitees, employees, customers, and licensees.

116.    On or before February 11, 2019 , Defendants, CAESAR'S ENTERTAINMENT, hired a third party or was otherwise responsible for the construction, installation, repair, inspection, design, and maintenance of the Escalator located in and upon the Property.

117.    On or about February 11, 2019 , and at all relevant times, the escalator was not secure, safe for use was inherently dangerous, not repaired, installed, maintained, repaired, or

FILED DATE: 2/8/2021 2:17 PM   2021L001448

constructed to code, violated OSHA safety standards, and/or created an unnecessarily dangerous environment for the Plaintiff, ZINA V. LAIN.

118.   On or about February 11, 2019, and at all relevant times, Defendants, CAESAR'S ENTERTAINMENT, had knowledge or reasonably should have known that the Escalator had been constructed and/or installed and/or maintained and/or repaired and/or inspected and/or managed in a negligent manner.

119.   Prior to February 11, 2019 , and at all relevant times, it was foreseeable that an individual such as Plaintiff, ZINA V. LAIN, would be using Escalator within and on the Property.

120.   At all relevant times, Defendants, CAESAR'S ENTERTAINMENT, had a duty to exercise reasonable care in the construction and/or installation and/or maintenance and/or repairs and/or inspection of the escalators  so as not to create an unreasonable risk of injury to foreseeable individuals such as Plaintiff, ZINA V. LAIN .

121.   On or before February 11, 2019 , the Defendant, CAESAR'S ENTERTAINMENT  , had installed, repaired, inspected, managed, a malfunctioning escalator within the Property.

122.   On or about February 11, 2019 , the Defendant, CAESAR'S ENTERTAINMENT, failed to warn the Plaintiff of the dangerous and hazardous condition of the escalator.

123.   On or about February 11, 2019 , the Defendant, CAESAR'S ENTERTAINMENT, by and through its agents, employees and servants did not properly repair and secure the escalator for safe usage by invitees, unit owners, and tenants within the Property.

FILED DATE: 2/8/2021 2:17 PM   2021L001448

124.    On or about February 11, 2019 , the Defendant, CAESAR'S

ENTERTAINMENT, failed to properly inspect the escalators  to determine whether it was

proper for safe usage by invitees, unit owners, and tenants within the Property.

125.    The Defendant, CAESAR'S ENTERTAINMENT, was responsible for

maintaining, repairing, securing, and preventing the escalators  from being unsafe for usage by

invitees, customers, and users within the Property.

126.    On or about February 11, 2019 , Defendants CAESAR'S ENTERTAINMENT,

were then and there guilty of one or more of the following acts or omissions:

    a.  Carelessly and negligently failed to keep the Property in a reasonably safe condition;

    b.  Carelessly and negligently permitted the Escalator within the Property to remain in an unreasonably dangerous condition, which the Defendants knew, or upon the reasonable exercise of care, would have known to have existed;

    c.  Carelessly and negligently failed to warn the Plaintiff of said unreasonably dangerous condition;

    d.  Carelessly and negligently supervised the contractors or other third parties that installed, inspected, designed, and/or repaired the Escalator within the Property;

    e.  Carelessly and negligently failed to inspect Escalator within the Property;

    f.  Carelessly and negligently failed to install and use proper safety mechanisms which would have prevented a hazard;

    g.  Negligently failed ·to repair and maintain the Escalator within the Property which posed a hazard;

    h.  Negligently designed, constructed, installed, repaired, and maintained the Escalator on the Property which created a dangerous and hazardous condition to the Property;

    i.  Carelessly and negligently supervised the design, construction, installation, repair, and maintenance of the Escalator on the Property;

    j.  Carelessly and negligently trained, instructed, and supervised its employees in the management, use, and operation of the Escalator on the Property;

    k.  Carelessly and negligently supervised the conditions of Escalator despite notice of malfunction; and

    l.  Was otherwise careless and negligent in the construction, installation, design, repair, inspection, supervision of its employees, training of its employees, management, and maintenance as to and of the Escalator within the Property.

102.     That as a direct and proximate result of the aforesaid, the Plaintiff, ZINA V. LAIN,

suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which

have caused and will continue to cause pain in body and mind; that the Plaintiff was caused to

spend and in the future will be compelled to expend, large sums of money in endeavoring to be

cured of said injuries; that the Plaintiff was caused to and did lose much time from her employment,

thereby incurring losses of large sums of money; including wage loss and the Plaintiff has been

and in the future will be prevented from attending to her usual affairs and duties.

WHEREFORE, Plaintiff, ZINA V. LAIN, by and through her attorneys, SHERWOOD

LAW   GROUP,   LLC,   hereby   prays   for   judgment   against   Defendant,   CAESAR'S

ENTERTAINMENT INC., for a sum of money in excess of FIFTY THOUSAND DOLLARS

($50,000.00), and such additional amounts as the jury and the Court shall deem proper and

appropriate under the circumstances provided herein, inclusive of the costs of bringing this action.

Respectfully Submitted,

**SHERWOOD LAW GROUP, LLC**

By: *Charles E. Zivin*

**CHARLES E. ZIVIN**
cez@sherwoodlawgroup.com

**JASON H. SHERWOOD**
**CHARLES E. ZIVIN**
**SHERWOOD LAW GROUP, LLC**
218 N. Jefferson, Suite #401
Chicago, Illinois 60661
Phone: 312.627.1650
Fax: 312.648.9503
Attorney No. 47294

# CEOC Summons

**Summons - Alias Summons**                                    (12/31/15) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Zina V. Lain

No. 2021L001448

v.

Schindler Enterprises, et al

Defendant Address:
Caesar's Entertainment Inc
Illinois Corporation Service C
801 Adlai Stevenson Dr.
Springfield, IL 62703

☑ SUMMONS ☐ ALIAS - SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801 _____,Chicago, Illinois 60602

☐ District 2 - Skokie     ☐ District 3 - Rolling Meadows     ☐ District 4 - Maywood
   5600 Old Orchard Rd.     2121 Euclid 1500     Maybrook Ave.
   Skokie, IL 60077     Rolling Meadows, IL 60008     Maywood, IL 60153

☐ District 5 - Bridgeview     ☐ District 6 - Markham     ☐ Richard J. Daley Center
   10220 S. 76th Ave.     16501 S. Kedzie Pkwy.     50 W. Washington, LL-01
   Bridgeview, IL 60455     Markham, IL 60428     Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: 47294

Name: Sherwood Law Group LLC

Atty. for: Plaintiff

Address: 218 N. Jefferson Street, Ste. 401

City/State/Zip Code: Chicago, IL 60661

Telephone: 312-627-1650

Primary Email Address: jhs@sherwoodlawgroup.com

Secondary Email Address(es):

mas@sherwoodlawgroup.com

mer@sherwoodlawgroup.com

Witness:
2/8/2021 2:17 PM IRIS Y. MARTINEZ

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

_____
(Area Code)   (Facsimile Telephone Number)

FILED DATE: 2/8/2021 2:17 PM  2021L001448

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Page 1 of 1

# Harrah's Summons

Summons - Alias Summons                                                 (12/31/15) CCG N001

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Zina V. Lain

v.

Schindler Enterprises, et al

No. **2021L001448**

FILED DATE: 2/8/2021 2:17 PM   2021L001448

Defendant Address:
Harrah's Joliet Casino Hotel aka Harrah's
Illinois, LLC
Illinois Corporation Service C
801 Adlai Stevenson Dr.
Springfield, IL 62703

☑ SUMMONS ☐ ALIAS - SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801 _____ ,Chicago, Illinois 60602

☐ District 2 - Skokie
  5600 Old Orchard Rd.
  Skokie, IL 60077

☐ District 3 - Rolling Meadows
  2121 Euclid 1500
  Rolling Meadows, IL 60008

☐ District 4 - Maywood
  Maybrook Ave.
  Maywood, IL 60153

☐ District 5 - Bridgeview
  10220 S. 76th Ave.
  Bridgeview, IL 60455

☐ District 6 - Markham
  16501 S. Kedzie Pkwy.
  Markham, IL 60428

☐ Richard J. Daley Center
  50 W. Washington, LL-01
  Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: 47294

Name: Sherwood Law Group LLC

Atty. for: Plaintiff

Address: 218 N. Jefferson Street, Ste. 401

City/State/Zip Code: Chicago, IL 60661

Telephone: 312-627-1650

Primary Email Address: jhs@sherwoodlawgroup.com

Secondary Email Address(es):

mas@sherwoodlawgroup.com

mer@sherwoodlawgroup.com

Witness:
2/8/2021 2:17 PM IRIS Y. MARTINEZ

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

_____

(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Page 1 of 1

# Harrah's and CEOC Appearance

FILED
3/24/2021 4:55 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L001448

#48631

12704066

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

Zina V. Lain                                )
                                            )      No. 2021 L 001448
                        Plaintiff           )
            v.                              )
                                            )
Schindler Enterprises, etal.                )
                                            )
                        Defendants.         )

### APPEARANCE AND JURY DEMAND

The undersigned, as attorney, enters the appearance of the defendant named as Harrah's Joliet Casino Hotel aka Harrah's Illinois LLC and of Caesars Entertainment Operating Company, Inc., and demands a trial by jury of twelve (12) persons.

**FRANK P. KASBOHM**
Attorney for Defendants

Name:           **FEIEREISEL & KASBOHM, LLC.**
Attorney for:   Defendants
Address:        19 S. LaSalle, Suite 601
City:           Chicago, Illinois 60603-5081
Telephone:      [312] 361-1941
Attorney No.:   48631
Email:          fkasbohm@fkllc.net

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

**FRANK P. KASBOHM**

1

# Schindler Appearance

Appearance (12/01/20) CCL 0530

FILED
3/25/2021 12:29 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L001448
12713176

FILED DATE: 3/25/2021 12:29 PM    2021L001448

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ZINA V. LAIN
_____
Plaintiff

v.

SCHINDLER ENTERPRISES, SCHINDLER ELEVATOR CORPORATION, et al.
_____
Defendant

No. 2021 L 001448

Calendar: "C"

## APPEARANCE

☑ GENERAL APPEARANCE    0900 - APPEARANCE - FEE PAID;  0909 - APPEARANCE - NO FEE;
0904 - APPEARANCE FILED - FEE WAIVED

☑ JURY DEMAND    1900 - APPEARANCE & JURY DEMAND - FEE PAID
1909 - APPEARANCE & JURY DEMAND - NO FEE

The undersigned enters the appearance of:    ☐ Plaintiff    ☑ Defendant

SCHINDLER ELEVATOR CORPORATION
_____

_____
(Insert litigant's name.)

*Robert L. Larsen*
_____
Signature

☑ INITIAL COUNSEL OF RECORD    ☐ PRO SE
☐ ADDITIONAL APPEARANCE    ☐ SUBSTITUTE APPEARANCE

A copy of this appearance shall be given to all parties who have appeared and have not been found by the Court to be in default.

☑ Atty. No.: 33445    ☐ Pro Se  99500

(Please complete the following contact information.)

Name: Cunningham, Meyer & Vedrine, P.C.

Atty. for: Defendant, Schindler Elevator Corporation

Address: 4200 Cantera Drive, Suite 112

City/State/Zip: Warrenville, IL 60555

Telephone: 630-260-8600

Primary Email: rlarsen@cmvlaw.com

**Pro Se Only:** ☐ I have read and agree to the terms of the Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

_____

# Schindler Answer & Affirmative Defenses

10741/RLL-TJT

FILED
3/25/2021 4:51 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L001448

12720736

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| ZINA V. LAIN , | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2021 L 001448 |
| | ) | |
| | ) | |
| SCHINDLER ENTERPRISES, SCHINDLER | ) | |
| ELEVATOR CORPORATION, HARRAH'S | ) | |
| JOLIET CASINO HOTEL aka HARRAH'S | ) | |
| ILLINOIS LLC, HARRAH'S JOLIET | ) | |
| LANDCO LLC, and CAESAR'S | ) | |
| ENTERTAINMENT, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT, SCHINDLER ELEVATOR CORPORATION'S ANSWER
## TO PLAINTIFF'S COMPLAINT AT LAW

NOW COMES the Defendant, SCHINDLER ELEVATOR CORPORATION, by and

through its attorneys, CUNNINGHAM, MEYER & VEDRINE, P.C., and for its Answer to

Plaintiff's Complaint at Law, states as follows:

## COUNT I – NEGLIGENCE AGAINST
## SCHINDLER ENTERPRISES

This Defendant neither admits nor denies the allegations in this paragraph as they are not

directed towards this Defendant.

## COUNT II – NEGLIGENCE AGAINST SCHINDLER ELEVATOR CORPORATION

26.     At all times relevant herein, ZINA V. LAIN was an Illinois resident with residing

in the City of Joliet and State of Illinois.

**ANSWER:**     This Defendant can neither admit nor deny the allegations in this paragraph

as it lacks sufficient knowledge thereof, but demands strict proof thereof at time of trial.

FILED DATE: 3/25/2021 4:51 PM   2021L001448

27.     At all times relevant herein, the Defendant, SCHINDLER ELEVATOR CORPORATION, was a corporation with offices of its registered agent located at 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604.

**ANSWER:**     This Defendant admits the allegations in this paragraph.

28.     At all times relevant herein, the Defendant, HARRAH'S JOLIET CASINO HOTEL was an Illinois Limited Liability Company with offices of its registered agent located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

**ANSWER:**     This Defendant neither admits nor denies the allegations in this paragraph as they are not directed towards this Defendant.

31.     On or before February 11, 2019, the Defendant, SCHINDLER ELEVATOR CORPORATION, had built, operated, maintained, secured, managed, repaired, inspected, installed, and controlled the escalators within the property located at 151 N. Joliet Street, Joliet, Illinois 60432 ("Property").

**ANSWER:**     This Defendant admits only that prior to February 11, 2019, this Defendant built and installed the subject escalator, and at various times up to and including February 11, 2019 it fulfilled its responsibilities under the applicable maintenance contract for repair, maintenance, and inspection of the subject escalator from time to time.  To the extent the allegations in this paragraph differ from this, they are denied.

32.     On or before February 11, 2019, the Defendant, SCHINDLER ELEVATOR CORPORATION, had built, operated, maintained, secured, managed, repaired, inspected, installed, and controlled the escalators within the property located at 151 N. Joliet Street, Joliet, Illinois 60432, specifically the escalators from the main hotel lobby to the casino floor ("Escalators or Escalator").

2

FILED DATE: 3/25/2021 4:51 PM   2021L001448

FILED DATE: 3/25/2021 4:51 PM    2021L001448

**ANSWER:**    This Defendant admits only that prior to February 11, 2019, this Defendant built and installed the subject escalator, and at various times up to and including February 11, 2019 it fulfilled its responsibilities under the applicable maintenance contract for repair, maintenance, and inspection of the subject escalator from time to time.  To the extent the allegations in this paragraph differ from this, they are denied.

33.    On or before February 11, 2019, the Plaintiff was an invitee, consumer, and patron of HARRAH'S JOLIET CASINO HOTEL and lawfully on the Property for the purpose of leaving the hotel via the Escalators and entering the casino floor.

**ANSWER:**    This Defendant can neither admit nor deny the allegations in this paragraph, to include those that are conclusions of law rather than facts well pled, but demands strict proof thereof at time of trial.

34.    On or before February 11, 2019, the Defendant, HARRAH'S JOLIET CASINO HOTEL, was the entity in charge of the maintenance, management, operations, design, construction, security, vendor contracts, and usage of the Property.

**ANSWER:**    This Defendant neither admits nor denies the allegations in this paragraph as they are not directed towards this Defendant.

35.    On or before February 11, 2019, the HARRAH'S JOLIET CASINO HOTEL in conjunction or contract with SCHINDLER ELEVATOR CORPORATION did repairs to, installed, designed, constructed, modified, inspected, managed, and controlled the Escalators within the Property.

**ANSWER:**    To the extent the allegations in this paragraph are directed towards this Defendant, this Defendant admits only that on and before February 11, 2019, SCHINDLER ELEVATOR CORPORATION designed, constructed and installed the subject escalator, and from

FILED DATE: 3/25/2021 4:51 PM    2021L001448

time to time inspected and maintained said escalator pursuant to its contract with HARRAH'S JOLIET CASINO HOTEL.

36.     On or before February 11, 2019, the Plaintiff was a patron, guest, invitee, consumer, and customer and relied upon the certification(s) from the actual and apparent agents of HARRAH'S JOLIET CASINO HOTEL  and SCHINDLER ELEVATOR CORPORATION that the Escalators  were safe for usage by invitees, customers, and employees of and on the Property.

**ANSWER:**    To the extent the allegations in this paragraph are directed towards this Defendant, this Defendant neither admits nor denies the conclusions of law contained therein, but demands strict proof thereof at time of trial.

37.     On or before February 11, 2019 , as ZINA V. LAIN was using the Escalator down from the hotel lobby to the casino floor and said Escalator malfunctioned causing the Plaintiff to trip, slip, and fall to the ground below, to the bottom of the Escalator and subsequently was injured as a result thereof.

**ANSWER:**    This Defendant denies the allegations in this paragraph.

38.     On and before February 11, 2019 , and at all relevant times, SCHINDLER ELEVATOR CORPORATION owned, designed, leased, maintained, supervised, constructed, possessed, operated, did repairs to, and/or managed the Escalators  upon the Property.

**ANSWER:**    This Defendant admits only that prior to February 11, 2019, this Defendant built and installed the subject escalator, and at various times up to and including February 11, 2019 it fulfilled its responsibilities under the applicable maintenance contract for repair, maintenance, and inspection of the subject escalator from time to time.  To the extent the allegations in this paragraph differ from this, they are denied.

4

FILED DATE: 3/25/2021 4:51 PM    2021L001448

39.     At the aforementioned time and place and prior thereto, SCHINDLER ELEVATOR CORPORATION, knowing its duty to maintain a safe Property and escalators for invitees, customers, employees, and licensees, carelessly and negligently caused and permitted said Escalator to become and remain in dangerous condition for persons using the Escalator within the Property.

**ANSWER:**     This Defendant denies the allegations in this paragraph.

40.     SCHINDLER ELEVATOR CORPORATION, knew, or in the exercise of ordinary care, should have known, that the aforementioned Escalator within the Property was in disrepair and posed a danger to property invitees, employees, customers, and licensees.

**ANSWER:**     This Defendant denies the allegations in this paragraph.

41.     On or before February 11, 2019, Defendants, SCHINDLER ELEVATOR CORPORATION , hired a third party or was otherwise responsible for the construction, installation, repair, inspection, design, and maintenance of the Escalator located in and upon the Property.

**ANSWER:**     This Defendant admits only that prior to February 11, 2019, this Defendant built and installed the subject escalator, and at various times up to and including February 11, 2019 it fulfilled its responsibilities under the applicable maintenance contract for repair, maintenance, and inspection of the subject escalator from time to time. To the extent the allegations in this paragraph differ from this, they are denied.

42.     On or about February 11, 2019 , and at all relevant times, the escalator was not secure, safe for use was inherently dangerous, not repaired, installed, maintained, repaired, or

5

FILED DATE: 3/25/2021 4:51 PM    2021L001448

constructed to code, violated OSHA safety standards, and/or created an unnecessarily dangerous environment for the Plaintiff, ZINA V. LAIN.

**ANSWER:**    This Defendant denies the allegations in this paragraph.

43.    On or about February 11, 2019 , and at all relevant times, Defendants, SCHINDLER ELEVATOR CORPORATION , had knowledge or reasonably should have known that the Escalator had been constructed and/or installed and/or maintained and/or repaired and/or inspected and/or managed in a negligent manner.

**ANSWER:**    This Defendant denies the allegations in this paragraph.

44.    Prior to February 11, 2019, and at all relevant times, it was foreseeable that an individual such as Plaintiff, ZINA V. LAIN, would be using Escalator within and on the Property.

**ANSWER:**    This Defendant admits the allegations in this paragraph.

45.    At all relevant times, Defendants, SCHINDLER ELEVATOR CORPORATION , had a duty to exercise reasonable care in the construction and/or installation and/or maintenance and/or repairs and/or inspection of the escalators  so as not to create an unreasonable risk of injury to foreseeable individuals such as Plaintiff, ZINA V. LAIN.

**ANSWER:**    This Defendant recognizes all duties assigned to it by law, but denies Plaintiff has accurately, completely and/or appropriately asserted said duties here.

46.    On or before February 11, 2019, the Defendant, SCHINDLER ELEVATOR CORPORATION, had installed, repaired, inspected, managed, a malfunctioning escalator within the Property.

**ANSWER:**    This Defendant denies the allegations in this paragraph.

FILED DATE: 3/25/2021 4:51 PM    2021L001448

47.     On or about February 11, 2019, the Defendant, SCHINDLER ELEVATOR CORPORATION, failed to warn the Plaintiff of the dangerous and hazardous condition of the escalator.

**ANSWER:**     This Defendant denies the allegations in this paragraph.

48.     On or about February 11, 2019, the Defendant, SCHINDLER ELEVATOR CORPORATION, by and through its agents, employees and servants did not properly repair and secure the escalator for safe usage by invitees, unit owners, and tenants within the Property.

**ANSWER:**     This Defendant denies the allegations in this paragraph.

49.     On or about February 11, 2019, the Defendant, SCHINDLER ELEVATOR CORPORATION, failed to properly inspect the escalators to determine whether it was proper for safe usage by invitees, unit owners, and tenants within the Property.

**ANSWER:**     This Defendant denies the allegations in this paragraph.

50.     The Defendant, SCHINDLER ELEVATOR CORPORATION, was responsible for maintaining, repairing, securing, and preventing the escalators from being unsafe for usage by invitees, customers, and users within the Property.

**ANSWER:**     This Defendant admits only to those duties assigned to it by law, and pursuant to its contract for maintenance of the subject escalator.  To the extent the allegations in this paragraph vary from the aforementioned, they are denied.

51.     On or about February 11, 2019, Defendants SCHINDLER ELEVATOR CORPORATION, were then and there guilty of one or more of the following acts or omissions:

      a.  Carelessly and negligently failed to keep the Property in a reasonably safe condition;

      b.  Carelessly and negligently permitted the Escalator within the Property to remain in an unreasonably dangerous condition, which the Defendants knew, or upon the reasonable exercise of care, would have known to have existed;

FILED DATE: 3/25/2021 4:51 PM   2021L001448

    c.  Carelessly and negligently failed to warn the Plaintiff of said unreasonably dangerous condition;

    d.  Carelessly and negligently supervised the contractors or other third parties that installed, inspected, designed, and/or repaired the Escalator within the Property;

    e.  Carelessly and negligently failed to inspect Escalator within the Property;

    f.  Carelessly and negligently failed to install and use proper safety mechanisms which would have prevented a hazard;

    g.  Negligently failed to repair and maintain the Escalator within the Property which posed a hazard;

    h.  Negligently designed, constructed, installed, repaired, and maintained the Escalator on the Property which created a dangerous and hazardous condition to the Property;

    i.  Carelessly and negligently supervised the design, construction, installation, repair, and maintenance of the Escalator on the Property;

    j.  Carelessly and negligently trained, instructed, and supervised its employees in the management, use, and operation of the Escalator on the Property;

    k.  Carelessly and negligently supervised the conditions of Escalator despite notice of malfunction; and

    l.  Was otherwise careless and negligent in the construction, installation, design, repair, inspection, supervision of its employees, training of its employees, management, and maintenance as to and of the Escalator within the Property.

**ANSWER:**  This Defendant denies the allegations in this paragraph, and specifically denies subparagraphs (a) through (l).

52.  That as a direct and proximate result of the aforesaid, the Plaintiff, ZINA V. LAIN, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; that the Plaintiff was caused to spend and in the future will be compelled to expend, large sums of money in endeavoring to be cured of said injuries; that the Plaintiff was caused to and did lose much time from her employment, thereby incurring losses of large sums of money; including wage loss and the Plaintiff has been and in the future will be prevented from attending to her usual affairs and duties.

**ANSWER:**  This Defendant denies the allegations in this paragraph.

8

FILED DATE: 3/25/2021 4:51 PM    2021L001448

WHEREFORE, Defendant, SCHINDLER ELEVATOR CORPORATION, denies that Plaintiff is entitled to the relief prayed for in this Complaint, or in any amount, and prays this Court enter an order in its favor and against Plaintiff, and for such other relief as this Court deems proper.

## COUNT III – NEGLIGENCE AGAINST HARRAH'S JOLIET CASINO HOTEL aka HARRAH'S ILLINOIS LLC

This Defendant neither admits nor denies the allegations in this paragraph as they are not directed towards this Defendant.

## COUNT IV – NEGLIGENCE AGAINST HARRAH'S JOLIET LANDCO LLC

This Defendant neither admits nor denies the allegations in this paragraph as they are not directed towards this Defendant.

## COUNT V – NEGLIGENCE AGAINST CAESAR'S ENTERTAINMENT INC.

This Defendant neither admits nor denies the allegations in this paragraph as they are not directed towards this Defendant.

Respectfully submitted,

CUNNINGHAM, MEYER & VEDRINE, P.C.

By: _____

Robert L. Larsen, One of the Attorneys for Defendant, SCHINDLER ELEVATOR CORPORATION

Robert L. Larsen (rlarsen@cmvlaw.com)
Thomas J. Tomasik (ttomasik@cmvlaw.com)
CUNNINGHAM, MEYER & VEDRINE, P.C.
4200 Cantera Drive, Suite 112
Warrenville, IL 60555
630/260-8600
630/260-8080 (fax)
eService@cmvlaw.com
Atty. No.: 33445

10741/RLL-TJT

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| ZINA V. LAIN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2021 L 001448 |
| | ) | |
| | ) | |
| SCHINDLER ENTERPRISES, SCHINDLER | ) | |
| ELEVATOR CORPORATION, HARRAH'S | ) | |
| JOLIET CASINO HOTEL aka HARRAH'S | ) | |
| ILLINOIS LLC, HARRAH'S JOLIET | ) | |
| LANDCO LLC, and CAESAR'S | ) | |
| ENTERTAINMENT, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT, SCHINDLER ELEVATOR CORPORATION'S**
**FIRST AFFIRMATIVE DEFENSE**

NOW COMES Defendant, SCHINDLER ELEVATOR CORPORATION, by and through

its attorneys, CUNNINGHAM, MEYER & VEDRINE, P.C., and for its First Affirmative Defense

to Plaintiff's Complaint, states as follows:

1.     At all relevant times herein, Plaintiff owed to herself a duty of ordinary and

reasonable care for her own safety.

2.     Notwithstanding said duty, to the extent Plaintiff was injured as alleged in her

Complaint she was guilty of one or more of the following negligent acts and/or omissions:

a.     Failed to maintain a proper lookout when entering the subject escalator;

b.     Failed to hold onto the railings of the subject escalator so as to avoid losing
       her balance and falling;

c.     Failed to ensure that her feet were placed appropriately and securely on one
       of the treads while riding down the subject escalator;

FILED DATE: 3/25/2021 4:51 PM   2021L001448

FILED DATE: 3/25/2021 4:51 PM    2021L001448

     d.     Failed to exercise reasonable caution while using the subject escalator;

     e.     Wore footwear that was not suitable for the manner in which she was using the subject escalator; and/or

     f.     Was otherwise careless and/or negligent.

3.     The aforementioned negligent acts and/or omissions were the sole proximate cause, or a contributing proximate cause, of any injuries allegedly sustained by the Plaintiff.

WHEREFORE, should judgment be entered in favor of Plaintiff and against these Defendants, Defendants pray that said judgment be reduced by an amount commensurate with Plaintiff's degree of contributory fault. However, should said contributory fault exceed fifty percent (50%) of all liability in this cause, this Defendant prays that judgment be entered in favor of this Defendant and against Plaintiff, plus costs of suit so wrongfully sustained.

Respectfully submitted,

CUNNINGHAM, MEYER & VEDRINE, P.C.

By:_____

Robert L. Larsen, One of the Attorneys for Defendant, SCHINDLER ELEVATOR CORPORATION

Robert L. Larsen (rlarsen@cmvlaw.com)
Thomas J. Tomasik (ttomasik@cmvlaw.com)
CUNNINGHAM, MEYER & VEDRINE, P.C.
4200 Cantera Drive, Suite 112
Warrenville, IL 60555
630/260-8600
630/260-8080 (fax)
eService@cmvlaw.com
Atty. No.: 33445

# HIPAA QPO

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

Zina V. Lain                            )
Plaintiff,                          )
                                )
       **v.**                           )     No.    2021 L 001448
                                )
Schindler Enterprises, et al.          )
Defendant.                  )

## HIPAA QUALIFIED PROTECTIVE ORDER

### Findings

This court explicitly finds that this court order is necessary to:

1.     Protect a party's right to privacy as guaranteed by article I, section 6 of the Illinois constitution for each party in this lawsuit;

2.     Ensure the parties' compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and its accompanying rules and regulations governing the disclosure, maintenance, use, and disposal of protected health information (PHI), *see generally* 45 C.F.R. §§ 160.103 & 164.501;

3.     Require covered entities, *see* 45 C.F.R. § 160.103, to disclose a party's PHI for use in this litigation without a separate disclosure authorization; however, nothing in the attached order relieves any covered entity, party, business associate, or their attorneys, attorneys' agents, representatives, or consultants, or various other witnesses, or other personnel who request, receive, or review documents containing PHI, from complying with the requirements of the following statutes and regulations:

> Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/1-17;
>
> AIDS Confidentiality Act, 410 ILCS 305/1-16;
>
> Alcoholism and Other Drug Abuse and Dependency Act, 20 ILCS 301/30-5 - 10;
>
> Any federal statute or regulation protecting certain drug and alcohol records, *see, e.g.,* 42 U.S.C. §§ 290dd-3, 290ee-3; 42 C.F.R. Part 2;
>
> Genetic Information Privacy Act, 410 ILCS 513/15- 50; and

Any and all other applicable state and federal laws regulating or governing the disclosure, maintenance, use, and disposal of PHI.

4.     Permit insurance companies to receive PHI or what would otherwise be considered PHI from covered entities, business associates, and parties in litigation and to disclose, maintain, use, and dispose of PHI or what would otherwise be considered PHI in conformity with all applicable federal laws and regulations and the Illinois Insurance Code and its accompanying rules and regulations; and

5.     Further the interest of the State of Illinois in regulating the business of insurance.

## Stipulations

A party disclosing PHI explicitly stipulates that she or he:

1.     Read this court order before signing their name to be bound by it;

2.     Understands the contents of this court order;

3.     Stipulates to the entire contents of this court order;

4.     Understands that by refusing to consent to the contents of this court order, the court may impose sanctions up to and including the dismissal of the complaint.

## Order

**BASED ON THESE FINDINGS, STIPULATIONS, AND THE SIGNATURE OF ANY PARTY CONSENTING TO THE LIMITED DISCLOSURE OF PHI AS STATED IN THIS DOCUMENT, THIS COURT ORDERS THE FOLLOWING:**

1.     The PHI of any party in this lawsuit may not be disclosed for any reason without that party's prior written consent or an order of this court.

2.     A party who has disclosed PHI and agreed to the entry of this court order explicitly waives the right to privacy over the disclosed materials but only to the extent provided in this court order. The only disclosures explicitly waived and expressly permitted by this order are these:

A.     To insurance companies to disclose, maintain, use, and dispose of PHI or what would otherwise be considered PHI to comply and conform with current

2

and future applicable federal and state statutes, rules, and regulations for these purposes:

1. Reporting; investigating;evaluating, adjusting, negotiating, arbitrating, litigating, or settling claims;

2. Compliance reporting or filing;

3. Conduct described in 215 ILCS 5/1014;

4. Required inspections and audits;

5. Legally required reporting to private, federal, or state governmental organizations, including health or medical insurance organizations, and to the Centers for Medicare and Medicaid Services (CMS);

6. Rate setting and regulation;

7. Statistical information gathering;

8. Underwriting, reserve, loss, and actuarial calculation;

9. Drafting policy language;

10. Workers' compensation; and

11. Determining t e need for and procuring excess or umbrella coverage or reinsurance.

B. As ordered by this or another court or arbitral body or by subpoena with reasonable notice to the parties and their attorneys for purposes of subrogation, reimbursement, or payment of liens arising out of or related to this lawsuit;

C. To the parties to this lawsuit and their agents; and

D. As necessary to comply with any other federal or state laws, rules, or regulations, but only with the party's express consent and entry of an appropriate court order.

3. Any covered entity over which this court has jurisdiction that fails or refuses to disclose PHI in accordance with this court order may be subject to all sanctions authorized by the Code of Civil Procedure and the Illinois Supreme Court rules.

4.     A party to this lawsuit may provide PHI to an undisclosed consulting expert or controlled expert witness as defined in Illinois Supreme Court Rule 213(£)(3) but only after receiving written acknowledgement that each such expert or witness agrees to be bound by the terms of this order.

5.     At the conclusion of this lawsuit, as indicated by a court entered order of dismissal, all parties and other persons or entities subject to this court order possessing PHI shall by agreement either return it to the party or non-party about whom it concerns or their attorney of record in this lawsuit or destroy it in compliance with 45 C.F.R. section§ 164.512(e), such as by shredding, pulverizing, melting, incinerating, or degaussing. This provision does not apply to insurers that possess what would otherwise be considered PHI under HIPAA, but only to the extent as limited in paragraph 2, or to the party who disclosed PHI or her or his attorneys.

6.     Other than the party who disclosed PHI or that party's attorneys, no other parties or their agents are permitted to request, obtain, or disclose PHI or any other type of medical bills, records, or related information other than through the formal discovery procedures authorized by the Code of Civil Procedure, Illinois Supreme Court rules, and orders of this court.

7.     The parties are prohibited from including or attaching PHI to any document filed with the Clerk of the Circuit Court. PHI necessary for a court's consideration of any matter must be provided separately.

8.     This court retains jurisdiction to enforce the terms of this order after the conclusion of this litigation.


Dated: 07/21/2021

_____
Plaintiff or Legally Designated Representative

Dated: 07/21/2021

*Brett N. Kaplan*
_____
Plaintiff's Attorney

Dated: 7/21/21

_____
Defendant's Attorney


_____
Circuit Court Judge

Associate Judge Melissa A. Durkin

JUL 22 2021

Circuit Court-2110

4

# Case Management Scheduling Order

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| Lain, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: 2021 L 01448 |
| | ) | |
| Schindler Enterprises, et. al | ) | Motion Call "C" |
| Defendants. | ) | |

### CASE MANAGEMENT ORDER – CATEGORY 1 CASES

- The intent of this order is for the parties to complete all discovery and for the court to rule on all dispositive motions within **24 months** following the filing of the complaint.
- This order **does not alter** the application of Illinois Supreme Court Rule 218 – **the 60-day rule**.
- **Fill in all blanks**.

| | Months after Complaint filed | Date |
|---|---|---|
| Service of process achieved, responsive pleadings filed, treaters' list with names and addresses sent, HIPAA order entered, Rule 213(f)(1), (f)(2), (f)(3) & Rule 214 written discovery issued no later than | 6 | 08/16/2021 |
| Rule 213(f)(1), (f)(2), & Rule 214 written discovery completed no later than | 8 | 10/08/2021 |
| Rule 213(f)(2) subpoenas to issue no later than | 13 | 03/08/2022 |
| Rule 213(f)(1) depositions completed no later than | 12 | 02/08/2022 |
| Rule 213(f)(2) depositions completed no later than | 14 | 04/08/2022 |
| Dispositive motions filed and Rule 215 & 216 discovery Completed no later than | 15[1]* | 05/08/2022* |
| Rule 213(f)(3) disclosures completed no later than | | **P:**06/09/2022 **D:**10/09/2022 |
| Rule 213(f)(3) depositions completed no later than | | **P:**08/09/2022 **D:**12/09/2022 |
| Case management for trial certification at 10:00 a.m. | 24 | 02/08/2023 |

4619

```
E N T E R E D
Judge Melissa A. Durkin-2110
AUG 09 2021
I R I S  Y.  M A R T I N E Z
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
```

ENTERED:

_____
**Circuit Court Judge**

[1]* The deadline for dispositive motions is entered over the objection of the Defendants.